UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL LINDSEY GAMBUZZA,

    Plaintiff,

v.                                                                       CASE NO: 8:08-cv-1809-T-26TGW

CHRIS GILLUM, et al.,

    Defendants.
                                                     /

**O R D E R**

Before the Court are the Motion to Dismiss filed by the Sheriff of Sarasota County, Florida (Dkt. 34), Plaintiff's Response (Dkt. 39), the Motion to Dismiss filed by Prison Health Services, Inc. (Dkt. 36), and Plaintiff's Memorandum in Opposition (Dkt. 41). After careful consideration of the motions, the allegations of the amended complaint (Dkt. 32), and the law, the Court finds that the motions should be granted.

**Allegations**

In the amended complaint, Plaintiff alleges that he was arrested on September 26, 2004, around 2:00 a.m. after Deputy Chris Gillum of the Manatee County Florida Sheriff's Office tackled and handcuffed him following a "brief chase" in cars. He claims that the handcuffing process resulted in his ribs being fractured and his hand being broken. He next claims that he was taken to the Sarasota County Jail for booking and was

denied medical attention for three days while in a holding cell despite his complaints of pain and injury. After these three days passed, Plaintiff was transported to Manatee County Jail.

Upon his arrival at Manatee County Jail, he again complained to the nurse about his hand and his pain, at which point he saw a doctor and was given "mild over-the-counter pain medication" and an anti-inflammatory drug. He was x-rayed and the x-rays revealed a fractured bone in his hand and fractured ribs, but the doctor was unable to determine if the fractures were old or new. The doctor told him they would never heal properly.

**Sarasota County Sheriff's Motion to Dismiss**

The amended complaint is devoid of any allegations with respect to official policy or custom causing a constitutional injury to Plaintiff. Pursuant to established case law, in order to hold the Sheriff's office liable in an official capacity suit,[1] the plaintiff must allege that the execution of a sheriff's office policy or custom inflicts injury covered under § 1983. See Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690-91 (1978).[2] The custom or practice must allegedly occur with frequency and be supported by

---

[1] See Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (holding that suits against a municipal officer in official capacity and against governmental unit are redundant and only governmental unit need be sued).

[2] See also Brannon v. Thomas County Jail, 280 Fed.Appx. 930, 933 (11th Cir. Jun. 9, 2008) (holding that case of prisoner who claimed deliberate indifference toward medical treatment, *waiting several days for an orthopedist visit after breaking his hand and being deprived of pain killers during that period*, did not warrant reversal of

evidence of numerous incidents of similar conduct.  See Denno v. School Bd. of Volusia County, Fla., 218 F.3d 1267, 1277 (11th Cir. 2000).  Absent any such allegations, the amended complaint must be dismissed as to the Sheriff's office.

**Prison Health Services, Inc.'s Motion to Dismiss**

As with respect to the absence of any allegations of official policy or custom regarding the Sheriff's office, neither are there allegations regarding any such policy or custom of Prison Health Services, Inc.[3]  To establish that a prison official acted with deliberate indifference to the prisoner's medical needs, two elements must be established: (1) an objectively serious medical need; and (2) the prison official subjectively acted with deliberate indifference to that need.  See Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).   Moreover, the serious medical need must constitute "unnecessary and wanton infliction of pain."  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  Plaintiff's assertion in his response that Prison Health has a custom of a three-day to two-month waiting period for the results of x-rays does not establish deliberate indifference.  Such a policy is not per se unconstitutional, and the addition of this allegation in the complaint would not salvage the claim against Prison Health.

---

summary judgment in sheriff's office's favor).

[3]  The Monell standard is applicable to a private contractor such as Prison Health which performs governmental action.  Consequently, Prison Health is considered the functional equivalent of a governmental agency.  See Buckner .v Toro, 116 F.3d 450, 452 (11th Cir. 1997).

With respect to the statute of limitations, Prison Health is correct that four years has passed since the alleged injury, which occurred on September 26, 2004, and the naming of Nurse Parkhurst as a defendant on January 13, 2009. A newly named defendant may invoke the protection of the statute of limitations. See Wayne v. Jarvis, 197 F.3d 1098, 1102-03 (11th Cir. 1999) (holding that an inmate's replacement of John Doe defendant with specifically-named defendant, in absence of showing mistake of identity, does not relate back to filing of complaint), overruled on other grounds, Manders v. Lee, 338 F.3d 1304, 1328 n. 52 (11th Cir. 2003). Thus, any other replacement of John Doe defendants with a named defendant runs afoul of the statute of limitations absent a showing of mistake of identity.[4] Accordingly, the amended complaint fails to allege a claim for relief against Helen Parkhurst and all Doe Defendants.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) The Motion to Dismiss filed by the Sheriff of Sarasota County (Dkt. 34) is **GRANTED.**

(2) The Motion to Dismiss filed by Prison Health Services, Inc. (Dkt. 36) is **GRANTED**.

---

[4] Finally, Prison Health raises the issue of failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). 42 U.S.C. § 1997e. Although Plaintiff indicates that he was denied access to forms for initiating a grievance, it is clear from the amended complaint that he never did file a grievance. See Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006) (holding that exhaustion of the administrative process is mandatory).

(3) Defendants the Sheriff of Sarasota County, Florida, Prison Health Services, Inc., Helen Parkhurst and all Doe Defendants are hereby **DISMISSED** from this case.

(4) The Clerk is directed to enter judgments in favor of Defendants the Sheriff of Sarasota County, Florida, Prison Health Services, Inc., Helen Parkhurst and all Doe Defendants.

**DONE AND ORDERED** at Tampa, Florida, on February 20, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record